## J. B. WILDER & CO. *v.* L. PEPPER & CO.

**Assignments for Benefit of Creditors—Mortgage to Secure Debt Part of Which was Previously Due—Acts of 1856.**

Where an insolvent debtor executes a mortgage on his property to secure the payment of a debt some of which was previously due, however inconsiderable that debt may be, it brings the conveyance within the inhibitions of the Acts of 1856.

APPEAL FROM CALDWELL CIRCUIT COURT.

December 17, 1871.

OPINION BY JUDGE LINDSAY:

The answers of the two appellees, Barkley and Pepper, are vague and unsatisfactory. Neither of them offer any explanation whatever, as to the creation of the indebtedness the mortgage was intended to secure. Barkley in his deposition states

that it was the assumption by Pepper of his indebtedness to Cloud and Aiken and yet Pepper in his answer filed six months after the execution of the mortgage states that Barkley was still indebted to Cloud and Aiken, in the full amount of the two debts. Barkley swears he (Pepper) assumed to pay. In addition to this fact it is developed by the record that a portion of the drugs mortgaged to Pepper passed through his hands to Cloud and Aiken, considering the further fact that Pepper was the attorney for Cloud and Aiken and had their claim against Barkley in his hands for collection. We can not escape the conclusion that the mortgage was intended to secure their claims, and that it was made to Pepper to mislead other creditors as to the real consideration, and thereby prevent proceedings to subject the property under the Act of 1856. But if we are mistaken in this view, the judgment must be reversed for another reason. At the time the mortgage was executed the two debts due Cloud and Aiken did not (interest and cost included) amount to the sum of seven hundred and fifty dollars, and that fact taken in connection with statements made by Barkley at the close of his deposition leaves no doubt but that a debt previously due from the witness to Pepper was also included in the mortgage. However inconsiderable that debt may have been, it brings the conveyance within the inhibitions of the Act of 1856. There being no room to doubt that it was executed to prefer Cloud and Aiken, and Pepper to the exclusion of the other creditors of the grantor, and that it was made in contemplation of insolvency.

Wherefore the judgment dismissing appellant's petition is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Pirtle and Caruth and R. H. Darby, for appellant.*

*T. Z. Morrow, for appellees.*